UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WHAM-O HOLDING, LTD. and INTERSPORT CORP. d/b/a WHAM-O,<br><br>                Plaintiffs,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>                Defendants. | Case No.: 1:20-cv-04196<br><br>**ANSWER AND DEFENSES** |

### ANSWER OF SHANTAN TO COMPLAINT

NOW COME the Defendant Shantan by and through its attorney, and in answer to the Complaint filed by the Plaintiffs, state as follows:

### IN ANSWER TO THE ALLEGATIONS OF <u>JURISDICTION AND VENUE</u>

1. Defendant admits the allegations in paragraph 1.

2. Defendant denies the allegations in paragraph 2.

3. Defendant denies the allegations in paragraph 3.

### IN ANSWER TO THE ALLEGATIONS OF <u>INTRODUCTION</u>

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 4, and accordingly denies.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 5, and accordingly denies.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 6, and accordingly denies.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 7, and accordingly denies.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 8, and accordingly denies.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 9, and accordingly denies.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 10, and accordingly denies.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 11, and accordingly denies.

12. Defendant denies the allegations in paragraph 12.

### IN ANSWER TO THE GENERAL ALLEGATIONS OF THE PLAINTIFFS

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 13, and accordingly denies.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 14, and accordingly denies.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 15, and accordingly denies.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 16, and accordingly denies.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 17, and accordingly denies.

## IN ANSWER TO THE GENERAL ALLEGATIONS OF <u>THE DEFENDANT</u>

18. Defendant admits that Defendant is individual and business entities reside in the People's Republic of China. Defendant denies the rest of allegations in paragraph 18.

## IN ANSWER TO THE GENERAL ALLEGATIONS OF <u>THE DEFENDANT'S UNLAWFUL CONDUCT</u>

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 19, and accordingly denies.

20. Defendant denies the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 23, and accordingly denies.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 31, and accordingly denies.

## IN ANSWER TO COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

32. Defendant denies the allegations in paragraph 32.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 37, and accordingly denies.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 38, and accordingly denies.

## IN ANSWER TO COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

39. Defendant denies the allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 43, and accordingly denies.

## IN ANSWER TO COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510, et seq.)

44. Defendant denies the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 47, and accordingly denies.

## IN ANSWER TO COUNT IV
## CIVIL CONSPIRACY

48. Defendant denies the allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

50. Defendant denies the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

## DEFENSES

### Northern District of Illinois Lacks Personal Jurisdiction

53. This Court may exercise personal jurisdiction over Defendant only if it is proper under Illinois's long arm statute and comports with the requirements of the Due Process Clause. *United Airlines*, 2015 U.S. Dist. LEXIS 56982, at *8 (citing *Hemi*, 622 F.3d at 756-57).

54. The Seventh Circuit has adopted the familiar personal jurisdiction standard as follows:

> [T]he defendant must have minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Those contacts may not be fortuitous. Instead, the defendant must have purposefully established minimum contacts within the forum State before personal jurisdiction will be found to be reasonable and fair. Crucial to the minimum contacts analysis is a showing that the defendant should reasonably anticipate being haled into court in the forum State, because the defendant has purposefully availed itself of the privilege of conducting activities there. *Hemi*, 622 F.3d at 757.

55. General jurisdiction is proper only when the defendant has "continuous and systematic general business contacts" with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Specific jurisdiction is proper only when the defendant has "purposefully availed" himself of the benefits and protections of conducting activities in the forum state, *see Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 444 (7th Cir. 2010) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)), in a suit "*arising out of or related to* the defendant's contacts with the forum." *Helicopteros*, 466 U.S. at 414 n.8. (emphasis added). As the Supreme Court recently clarifies, "[f]or a State to exercise [specific] jurisdiction consistent with due process, the defendant's suit-related conduct must create a *substantial connection* with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (emphasis added).

56. When deciding whether defendant is subject to specific personal jurisdiction in Illinois, the Seventh Circuit applies the "express aiming" test, which specifically asks "whether the defendant *intentionally aimed* its conduct at the forum state, rather than on the possibly incidental and constitutionally irrelevant effects of that conduct on the plaintiff." *Mobile*, 623 F.3d at 444-45, 445 n.1 (emphasis added) (citing *Calder v. Jones*, 465 U.S. 783, 789-90 (1984)). Defendant's contact must also satisfy at least three requirements to be relevant: (1) the contacts are created by Defendant himself; (2) the contact is targeted at the forum state (as opposed to persons who reside there); and (3) the contact bears on the substantive legal dispute. *See United*, 2015 U.S. Dist. LEXIS 56982 at *10 (citing *Walden*, 134 S. Ct. at 1122-23; *Advanced Tactical*, 751 F.3d at 801-03; *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1024 (7th Cir. 2009); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277-78 (7th Cir. 1997)).

57. The Seventh Circuit has cautioned that "[c]ourts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (citing *Hemi*, 622 F.3d at 760) (holding that the defendant was not subject to personal jurisdiction in Illinois). Beyond simply operating an interactive website—even a "highly interactive" website— that is accessible from the forum state, defendant must in some way *target* the forum state's market before he may be haled into court in that state without offending the Constitutional Due Process requirement. *Id.* at 558-59 (citations omitted).

No Minimum Contact with Illinois

58. Under *Walden*, *Advanced Tactical*, and *be2*, defendants have insufficient contacts to be subject to this Court's jurisdiction. Further, while the outcome in *Hemi* is distinguishable from the case at bar, its reasoning is helpful here. In *Hemi*, the Seventh Circuit held that the defendant was subject to personal jurisdiction in Illinois specifically because its website expressly stated that it would not ship to New York residents, which indicated, though indirectly, its willingness to ship to Illinois residents. *See Hemi*, 622 F.3d at 758; cf. *United Airlines*, 2015 U.S. Dist. LEXIS 56982, at *26-27 (holding that it lacked personal jurisdiction over the defendant after distinguishing Hemi on the same grounds). Further, the defendant in Hemi had actually shipped the products to Illinois residents. See Hemi, 622 F.3d at 758; *United Airlines*, 2015 U.S. Dist. LEXIS 56982, at *26-27.

59. The *Hemi* court clarified that it was the defendant's reaching out to residents of Illinois through its website and shipping history, rather than the plaintiff's inducement to ship, that created the minimum contacts. 622 F.3d at 758. There are no such facts here because Defendant was

7

entrapped and enticed, pending future discovery, by Plaintiff or its agents. And such entrapped or enticed activity is irrelevant according to the *Hemi* court.

60. In *Original Creations, Inc. v. Ready America, Inc.*, the Court distinguished *Hemi* on because the website in question did not exclude any particular state, thus removing the implication that it expressly targeted other states. 836 F. Supp. 2d. 711 (N.D. Ill. 2011). In addition, the Court found that an Internet website alone was insufficient to support personal jurisdiction when the only sale to Illinois was to the plaintiff or its agents. Ultimately, this Court found personal jurisdiction, but based on a stream-of-commerce theory because the defendant sold through distributors located in Illinois. *Id*. at 716. Other courts hold similar views. See *e.g., Sennheiser Elec. Corp. v. Evstigneeva*, supra at *7-8 (ordering the plaintiff to show cause why the case should not be dismissed for lack of personal jurisdiction where the only forum sale was to the plaintiff); *Boppy Co. v. Luvee Products Corp.*, 72 U.S.P.Q. 2d. 1577 (D. Colo. 2004) (single sale to the plaintiff's attorney was not a sufficient forum contact to support personal jurisdiction); *Edberg v. Neogen Corp.*, 17 F.Supp. 2d 104 (D. Conn. 1998) ("Only those contacts with the forum that were created by the defendant, rather than those manufactured by the unilateral, acts of the plaintiff, should be considered for due process purposes. To hold otherwise would allow a plaintiff to manufacture jurisdiction over a non-resident defendant in any forum, regardless of how inconvenient, even when the defendant has not purposefully directed any activity toward the forum state.")

61. As the Supreme Court recently restated in *Walden*, "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden*, 134 S. Ct. at 1123 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S.

462, 475 (1985)). Defendant did nothing to target the forum. Any contact with Illinois, if present at all, was *de minimis* and induced by Plaintiff or its agents. Specific jurisdiction is lacking because Plaintiff is the only link between them and Illinois, *Id.* at 1122, and a small number of sales would not be enough where he has not specifically targeted the forum. *Advanced Tactical*, 751 F.3d at 801-02. To allow the plaintiffs to hale Defendant online stores into court and freeze their assets without even a minimum number of contacts offends Constitutional principles.

62. Thus, this Court should dismiss the complaint against Defendant for lack of personal jurisdiction.

Unreasonable to Exercise Personal Jurisdiction

63. With respect to analysis of reasonableness, the Court asks whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice"—that is, whether it is reasonable to exercise personal jurisdiction under the circumstances of the particular case. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Supreme Court evaluates the following factors as part of this "reasonableness" analysis: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies. *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113–14, (1987).

64. It is not reasonable to exercise personal jurisdiction over Defendant. The burden that the exercise of personal jurisdiction on Defendant is very high because Defendant is hobby sellers who reside outside the States. The interest of the forum state in adjudicating the case is not high because one of Plaintiffs, Wham-O Holding, Ltd., is a foreign company having its principal place of business in Hong Kong. Compl. ¶ 8, ECF No. 1. The other Plaintiff InterSport Corp. has a place of

business in California. *Id.* If there is any country for adjudication, the case should be litigated in Hong Kong or China. If there is any state for adjudication, the case should be litigated in California. Plaintiffs might have interest in obtaining relief in Illinois court, but even if Plaintiffs prevail in this case, it is impossible to enforce the judgment because Defendant resides in China, with bank accounts in China. It takes significant amount of time and resource to enforce a U.S. judgment in China.

### First Sale Defense Applies If The Alleged Infringing Product Is Not Counterfeit

65. As a general rule, trademark law does not reach the sale of genuine goods bearing a true mark even though the mark owner does not authorize the sale. Thus, a distributor who resells trademarked goods without change is not liable for trademark infringement. *Polymer Technology Corp. v. Mimran,* 975 F.2d 58, 61 (2d Cir. 1992). Importantly, the branded item must be in an unchanged state.[1] When trademarked goods are materially different from the goods that the trademark is known to represent, the infringer cannot use the first sale doctrine as a defense.[2]

66. It is probable that the alleged infringing WHAM-O product is genuine WHAM-O product because Plaintiffs do not provide any evidence or conduct any comparison of the alleged infringing Frisbee product and the genuine WHAM-O product. Especially Defendant's online storefronts appeared to be selling genuine WHAM-O products. Compl. ¶ 8, ECF No. 1. Thus, the alleged infringing products might be genuine WHAM-O products, instead of counterfeit.

67. The alleged infringing WHAM-O product is not proven counterfeit by Plaintiffs by the preponderance of evidence. Defendant is not liable for infringement solely for the reason that Defendant appeared to be selling genuine WHAM-O products on the online store.

---

[1] *See Dan-Foam A/S v. Brand Named Beds, LLC*, 500 F. Supp. 2d 296, 317 (S.D.N.Y. 2007)
[2] *Id.*

### Defendant Lacks Willfulness Even If the Alleged Infringing Product Is Counterfeit

68. Even if there is any alleged infringement of Plaintiffs' trademark/copyright, Defendant's act was not willful.

69. Defendant does not have actual or apparent knowledge that the infringing product is possibly counterfeit. Defendant is not manufacturer. Defendant uses reasonable care when purchasing products because Defendant purchased products from reputable sources. Sellers who sold WHAM-O products to Defendant guaranteed that the products were genuine. Within Defendant's best knowledge, Defendant could not tell the difference between these products.

70. Defendant did not even have reasonable suspicion about the authenticity of the products because the purchase price is reasonable.

### No Competition between the Alleged Infringing Products and Plaintiffs' Products

71. Defendant sells products on third party platform such as amazon.com. Upon believe and information, Plaintiffs do not offer for any WHAM-O products on such platforms. Defendant cannot be said to compete with Plaintiffs on Amazon because Plaintiffs do not do business on the same platform and thus is not even a competitor.

### No Damage of Reputation to Plaintiffs

72. Because Defendant's online storefront appeared to be selling genuine WHAM-O product, Defendant was at least selling products with comparable quality with Plaintiffs' products. Compl. ¶ 8, ECF No. 1. If Defendant alleged infringing products were inferior in terms of quality, Defendant would have caused customers to cast doubt on the reputation of Plaintiffs, which is not the case in this suit.

## DEFENDANT'S PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays that

1. Plaintiffs take nothing by way of this action;

2. The Complaint be dismissed with prejudice and judgment entered in favor of Defendant;

3. Defendant be awarded costs of suit, attorneys' fees and any other relief which the Court deems proper.

4. Plaintiffs be awarded only compensation based on Defendant's profit from sales of the alleged infringing products if the Court finds Defendant liable for infringement.

Respectfully Submitted:

Date: 09/04/2020      /s/ Tianyu Ju

Tianyu Ju, Esq.
He Cheng, Esq.
Tao Liu, Esq.
Wei Yang, Esq.

**Glacier Law PLLC**
745 5th Ave., Ste 500
NEW YORK, NY 10015
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this September 4, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Respectfully Submitted:

Date: 09/04/2020                                 /s/ Tianyu Ju

Tianyu Ju, Esq.
He Cheng, Esq.
Tao Liu, Esq.
Wei Yang, Esq.

**Glacier Law PLLC**
745 5th Ave., Ste 500
NEW YORK, NY 10015
***Attorney for Defendant***